NO. 07-09-0067-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 13, 2009

_____

JOSEPH AKA JOEY H. JEFFREY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-418170; HONORABLE WELDON KIRK, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Joseph aka Joey H. Jeffrey, was convicted by a jury of intoxication assault[1] with a vehicle with an affirmative deadly weapon finding. He pled true to two enhancements. Punishment was assessed by the trial court at

_____

[1]Tex. Penal Code Ann. § 49.07 (Vernon Supp. 2009).

confinement for life. After an appeal from his conviction was dismissed by this Court for his counsel's failure to timely file a notice of appeal, Appellant prosecuted a writ of habeas corpus alleging ineffective assistance of counsel and was granted an out-of-time appeal by the Texas Court of Criminal Appeals. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to review the record. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief, should he be

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]Counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review.

so inclined. *Id.* at 409 n.23. Appellant did file a response. The State, however, did not favor us with a brief.

Late at night on September 23, 2007, Appellant, while intoxicated, was driving on the wrong side of North Loop 289 and struck the complainant's pickup with his car. A witness who observed Appellant driving at a high rate of speed while swerving called 911. A Lubbock Police Officer responded to the call and observed Appellant, who was unresponsive, sitting in his car stopped in the middle of the road. Appellant and the complainant were both injured and the officer called for medical assistance. The officer followed the ambulance to the hospital to interview Appellant and the complainant.

According to the officer, Appellant showed symptoms of being intoxicated. Warnings were administered and Appellant consented to a blood specimen. At trial, testimony was presented that Appellant's sample contained 0.31 grams of alcohol per 100 milliliters of blood–or his blood alcohol content was .263, well above the legal limit. The officer visited the complainant in the hospital to assess her injuries. He testified that she suffered deep lacerations to her left arm, left knee, left ankle, had a broken wrist, and bruising to her upper torso. At the time of trial, she testified she had undergone multiple surgeries to treat her injuries.

An investigation confirmed that Appellant had traveled the wrong way on North Loop 289 and crashed into the complainant's pickup at a high rate of speed. Appellant was arrested and indicted for, among other charges, driving while intoxicated and using or

3

exhibiting a deadly weapon, to wit: an automobile, that in the manner of its use and intended use was capable of causing death or serious bodily injury. The indictment was enhanced by two felonies.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record, counsel's brief, and Appellant's pro se response, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.